FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 29 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '08 - CV - 01131-EWN-BNB

(To be supplied by the court)

DEAN CARBAJAL ………………………………………… Plaintiff,

v.

MYRL SERRA, District Attorney for MONTROSE COUNTY,
in her individual and official capacity,

MONTROSE COUNTY, a state municipal entity,

CITY and COUNTY of DELTA, a state municipal entity,

DELTA COUNTY PROBATION Department, a municipal entity,

STATE OF COLORADO,
A state in the UNITED STATES OF AMERICA ………………… Defendants,

---

**COMPLAINT**

---

(Rev.07/06)

## PARTIES

1. DEAN CARBAJAL, the plaintiff, is a U.S. citizen who resides at the following address: 416 21st Street, Apartment no. 9, Denver, CO. 80205-3156.

2. MYRL SERRA, the defendant is a U.S. citizen and is the District Attorney for MONTROSE COUNTY, who does business at the following address Montrose County District Attorney 1200 N. Grand Ave., Montrose, Colorado 81401 action is sought against said defendant in her individual and official capacity,

3. MONTROSE COUNTY, a state municipal entity, the place of business is as follows: MONTROSE COUNTY 161 South Townsend Montrose, CO 81401, Attn: Montrose County Manager: Joe Kerby

4. CITY and COUNTY of DELTA, a state municipal entity, the place of business is as follows: CITY AND COUNTY OF DELTA 501 Palmer Street, Suite 227 Delta, CO 81416; Attn: Susan S. Hansen, County Administrator

5. Montrose County Probation Department, a county municipal entity, the place of business is as follows: Montrose County Probation Department 1200 N. Grand Ave. Montrose, Colorado 81401, Attn: Chief Probation Officer: Carrol Warner

6. STATE OF COLORADO, A state in the union of the UNITED STATES OF AMERICA, official address: 136 State Capital Building, Denver, CO. 80203

## JURISDICTION

1. The plaintiff herein asserts the following statutory authorities for the United States District Court for jurisdiction:
    a. 42 U.S.C. § 1983; " ... *wrong doing under the color of state law,*"
    b. 42 U.S.C. § 1985 (3); "... *in the conspiracy to deprive a U.S. citizen of the rights, privileges and immunities as well as the equal protections of the laws under the constitution.*"
    c. 42 U.S.C. § 1986; "... *negligence in the prevention of an act with the knowledge thereto and/or assisting an act pursuant to 42 U.S.C. § 1985 (3) in the conspiracy to deprive*".
    d. 28 U.S.C. § 1443 (1) & (2); " ... *for the removal of a state action for the denial and/or the inability to enforce the civil rights of a U.S. citizen within the jurisdiction of said state as well as for an act under the color of authority and/or for the failure to act that would be inconsistent with constitutional provisions.*"

## CASE SUMMARY

The plaintiff in this instant case, Dean Carbajal, was charged with sexual assault by the Montrose County District Attorney in answer to the allegations of one Megan Sullivan who the plaintiff had had sexual relations with.

During the course of the development of the case the investigation and evidence indicated that no crime had actually occurred. The prosecution however proceeded with the full knowledge that the plaintiff was innocent. It is a saying among prosecution here in the State of Colorado:

*"Any lawyer can get the conviction for someone who is guilty, but it takes a good attorney to convict someone that's innocent."*

The subsequent proceedings of the case did nothing less than offend the principles of justice deeply rooted in the traditions and conscience of our people and compromised the fundamental rights of the plaintiff. The plaintiff was denied his right of speedy trial as well as denied due process then was coerced into taking a plea. Subsequently, the plaintiff was sentenced in

violation of state law and legislation intent through the application of a consecutively imposed deferred sentence. The plaintiff, in a post-conviction pleading, moved for relief from the deferred sentence being that by the 'operation of law' the term of the sentence had expired. Subsequently, the prosecution sought for imposition of judgment to the deferred sentence; however the application was beyond the scope of law according to statute. During the proceedings the plaintiff sought to assert the stipulations at law when the judge, removing himself from the bench stepped down and ordered the plaintiff into agreeing to a second deferred sentence agreement thus placing the plaintiff at jeopardy a second time for the same charge as well as, by function, expanding / aggravating a sentence without the authorization of a jury. The plaintiff has since sought relief through a habeas corpus action through the state district court in Montrose County. The habeas corpus was denied without stipulations and then appealed by the plaintiff. The Colorado Court of Appeals referred the case over to the state Supreme Court where the matter is presently exists. However; the district court in Montrose County has failed and/or refused to comply with the Colorado Supreme Court directives and state rules of the court in the transferring of the full record for the higher court's review. And the Colorado Attorney General representing the Appellee, (the Delta / Montrose County), is taking advantage of incomplete record to procedurally subdue the plaintiff's Supreme Court review. <*In addition*> the State Supreme Court has refused to order the lower courts by subpoena, at the request of the plaintiff, to produce the full record and the related transcripts thus the plaintiff has no medium in which to enforce his constitutional rights.

In all, the district attorney of Montrose County knowingly prosecuted an innocent person and utilizing various tactics compelled a guilty plea and subsequently an illegal sentence was invoked and then expanded and presently threatens the life and liberty of Mr. Carbajal. The case is before the Colorado Supreme Court on referral by the Colorado Court of Appeals. The plaintiff however does not expect success in the Colorado Supreme Court whereas the record for review is incomplete. The plaintiff has moved for ordered subpoenas to be issued as well as motioned for the Supreme Court review to be modified to an original jurisdiction pleading citing extraordinary circumstances of public interest and constitutional fundamentals under stipulations to invoke the common law forum of the Supreme Court; however the plaintiff expects little success in the pleadings placed in the State Supreme Court. Wherefore Mr. Carbajal seeks refuge in the federal jurisdiction in the protection of his constitutional and fundamental rights.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

With referendum to the 5th and 14th amendments of the United States Constitution and 42 U.S.C. § 1983 the following is asserted:

Summary: During the prosecution of the criminal action and the subsequent execution of sentence in case number 99CR96 of Montrose County of State the Colorado the plaintiff was denied due process according to the federal constitution. <*Further*> that said denial of due process was implemented under state authority.

1. In the before specified criminal proceeding in Montrose County the prosecution became aware during the course of the case that there lacked substantial evidence as well as physical evidence that a crime of sexual assault had occurred.

2. The prosecution also was aware that the Ms. Sullivan had previously falsely accused another individual of the same allegations which were levied against the plaintiff in this instant action and that the charges against that person were dismissed due to the fact that it was discovered that Ms. Sullivan had fabricated the assault. 'The so called assailant was out of town the day Ms. Sullivan accused him of raping her.'

3. The prosecution also knew that the peers of the alleged victim would contradict Ms. Sullivan's accusation of the sexual assault.

4. A specific incident transpired where the alleged victim Megan Sullivan, conspired with one Christy Suthers to develop a contrivance that the plaintiff had sexually assaulted her as well. This concoction was presented to the prosecution and the district attorney sought to utilize it under Colorado rule 404 (b) other wrongs under res gestae. However; associates and peers of the two women came forward and placed affidavits into the record that the allegations were contrived between Sullivan and Suthers. The prosecution although it did not utilize the similar occurrence factor yet proceeded with the prosecution in spite of the discrepancies in Ms. Sullivan's statements, the deceptions and

the lack of substantial evidence along with evidence that supported the innocents of the plaintiff.

5. The family of the plaintiff acquired the assistance of a former FBI agent, Nelson Jennett, for investigation and the analysis of the case and the stipulations formulated by the former agent indicated that 'no crime had transpired.' Note: this information was shared with the prosecution.

6. The counsel, Jeff Herron, for the plaintiff refused to provide an effective defense and in fact denied the plaintiff the right of access to the discovery in the criminal action and then coerced Mr. Carbajal into a plea agreement wherein the plaintiff, Mr. Carbajal, indicated to the court verbally on record, that he was entering this plea because he had no other choice due to the ineffective assistance of defense counsel, and subsequently the plaintiff entered an 'Alford Plea'.

7. The court then imposed a deferred sentence upon the plaintiff in such a matter that generated a conflict at law. The deferred sentence was imposed consecutively which is contrary to the structure of the statute and legislative intent; however now the Colorado Attorney General is seeking to manipulate the meaning of the statute for the illegal sentence to remain.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

42 U.S.C. § 1985 (3); *"... in the conspiracy to deprive a U.S. citizen of the rights, privileges and immunities as well as the equal protections of the laws under the constitution."*
42 U.S.C. § 19856 *"... negligence in the prevention of an act with the knowledge thereto and/or assisting an act pursuant to 42 U.S.C. § 1985 (3) in the conspiracy to deprive".*

With referendum to the before specified federal statutes the prosecution and post conviction procedures of criminal case number 99CR96 there was a joint effort by the parties of Montrose County to circumvent the constitutional rights of the plaintiff. This effort involved the presiding judges, the prosecution and the defense counsels.

1. The prosecution, under deceased Deputy District Attorney Kramer, prosecuted a person known to be innocent.

2. The malicious prosecution continued under the subsequent district attorney representatives with the same full knowledge that the plaintiff was innocent of the allegations.

3. Justice Greenacres aided and abetted in the wrong doing in the July 14, 2006 compulsion to sign the second deferment agreement. When he ran down from the bench and ordered the plaintiff to sign the agreement when Mr. Carbajal sought to express that the court had lost jurisdiction by operation of law.

4. During the post conviction proceedings Judge Steven J. Patrick, the chief justice of Montrose County, initiated ex-parte communication with the counsel of the plaintiff Leonard Martinez, Reg. no.#26160, where after the communication with justice Patrick the counsel's representation of the plaintiff became ineffective when prior to the ex-parte incident counsel was exuberant about Mr. Carbajal's case. Thereafter the ex-parte communication Mr. Martinez avoided any effective assistance of counsel.

Notation: During the course of this particular case, three judges have been recused, Chief Judge Steven J. Patrick, Justice Greenacre and County Justice Sandra Miller. Be it noted that County Justice Sandra Miller, in an act of retaliation for the recuesal of the Chief Judge from the plaintiff's case issued a warrant upon the application of revocation from the prosecution with the full knowledge that the case had been in the jurisdiction of the district court. The plaintiff filed a Motion of Objection to the issuance of a warrant beyond scope of the county court's jurisdiction citing bias and retaliation and subsequently Judge Miller recused herself from the plaintiff's proceedings. However; the harm had already been invoked upon the plaintiff. <*In Addition*> three representing defense counsels have either withdrawn or been terminated in this matter, Jeff Herron, Duncan Bradley, and Tom Ferrell.

Officials who had the ability to intervene in the criminal and post conviction proceedings to prevent a miscarriage of justice and the violation of the plaintiff's rights ether neglected to perform their duties or aided in the compromise of the plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

28 U.S.C. § 1443 (1) & (2); *" ... for the removal of a state action for the denial and/or the inability to enforce the civil rights of a U.S. citizen within the jurisdiction of said state as well as for an act under the color of authority and/or for the failure to act that would be inconsistent with constitutional provisions."*

The plaintiff herein asserts that he is unable to enforce the civil rights inherent to a U.S. citizen in the present state jurisdiction and moves for the removal of the case from the jurisdiction of the state to federal jurisdiction, then subsequent to the jurisdictional modification the plaintiff moves for a relief of equity in the form of an injunction.

1. The plaintiff sought to exercise his right of trial to contend against the criminal charge in Montrose County of sexual assault but was thwarted by his own counsel and the malicious efforts of the prosecution to convict him and entered an 'Alford Plea' to yet convey his innocents.

2. During the post conviction procedure Mr. Carbajal sought to present the argument that the deferred sentence had expired by 'operation of law' referring to *People v. Simonds*, 113 P.3d 762 (Colo.2005) when Justice Greenacre charged him from the stand and ordered him to sign an agreement against his will. Note: the counsel of the defendant, did nothing after the incident.

3. The plaintiff sought Habeas Corpus relief in the combined court of Delta / Montrose County only to be placed back in front of Justice Greenacre who denied the plaintiff's without pleading after a mock hearing.

4. The plaintiff sought to appeal to the Colorado Court of Appeals who then simply pasted the case to the Colorado Supreme Court.

(Rev.07/06)                                9

5. The appeal / Supreme Court review process has been undermined whereas the designation of record is incomplete and the Colorado Attorney General is utilizing the faulty record as a means to cause a civil death to the plaintiff's pleading in the Supreme Court's review.

Herein it is evident and a matter of record that the plaintiff has been unable to enjoy or enforce the rights inherently his as a citizen of the United States within the state of Colorado.

## CONCLUSION AND COMMMENTARY

In the examination of the events and circumstances, the conduct of the county and state compromises the theorem fundamental fairness which is to be consigned to the accused. The due process of the accused was not present during the criminal prosecution of case 99CR96 The only thing present was a vexatious and unwarranted abuse of prosecutorial powers. *And* the execution of sentence was contrary to the operation of law and in contrast to the intent of state legislation as well as deprived the plaintiff of 'the right of finality' accommodated to the defendant by the jurisprudence of due process as specified in the 5th and 14th amendments of the U.S. Constitution.

The principals and doctrine incorporated in the body and context as well as content of the supreme law of the land is to promote the blessing of liberty and to insure justice. The conduct of these state officials were in the violation of their oath of office and undermined what we in this nation hold dear as to the pursuit of truth and justice.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1. The plaintiff, Dean Carbajal, motions the United States District court to remove from the state the criminal case 99CR96 to federal jurisdiction relinquishing the state of its' power and authority presently existing upon his person by said case citing that the plaintiff has been denied and prevented from enforcing his federal rights by the color of law under state officials.

2. The relief the plaintiff further seeks is that upon removal, a relief of equity and the application of a federal injunction against state prosecution and execution of sentence be implemented eliminating the threat to the liberty and life of the plaintiff.

In effect the plaintiff simply seeks relief from the tyranny that has dominated his life under the 'color of law' and at the expense and financial suffrage of the people of Colorado and that without said relief the plaintiff will suffer irreparable harm and his liberties will be at risk and in constant peril with no finality in sight.

NOTATION: Accompanying this complaint is a "PETITION FOR FEDERAL INJUNCTION to Protect Civil Rights and Civil Liberties Against Malicious State Prosecution.

NOTATION: The plaintiff is a pro-se litigant and the pleadings thus presented before the United States District Court are to be liberally construed, *ref: Haines v. Kerner* 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Respectfully submitted,

Dean Carbajal

Date: 5/27/8

Dean Carbajal
P.O. Box 46075
Denver, CO. 80205
(720) 255-6909

(Rev.07/06)                                    11