IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08–cv–01131–PAB–BNB

DEAN CARBAJAL,

Plaintiff,

v.

MYRL SERRA, District Attorney for MONTROSE COUNTY,
in her individual and official capacity;
MONTROSE COUNTY, a state municipal entity;
CITY and COUNTY OF DELTA, a state municipal entity;
DELTA COUNTY PROBATION DEPARTMENT, a
municipal entity; and
STATE OF COLORADO, a state in the UNITED STATES OF
AMERICA,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Combined Motion for Change of Judge and/or Change of Venue** [Doc. #93, filed 12/08/08] (the "Motion").[1]  The Motion is DENIED.

The plaintiff requests that I disqualify myself from this case and/or transfer it to a different court because I am biased against him.  The issue of recusal is addressed by two separate statutes.  Disqualification of a judge under 28 U.S.C. § 144 requires the following showing:

> Whenever a party to any proceeding in a district court makes and
> files a timely and sufficient affidavit that the judge before whom
> the matter is pending has a personal bias or prejudice either against

---

[1] The plaintiff does not certify that he has served the Motion on counsel for the defendants.  By separate order, I have stricken two of the plaintiff's filings for failure to serve them on counsel for the defendants.  Because this Motion seeks my disqualification, I address it regardless of the service issue.

him or in favor of any adverse party, such judge shall proceed no
further therein, but another judge shall be assigned to hear such
proceedings.

The statute does not command automatic disqualification. Hall v. Burkett, 391 F. Supp. 237, 240 (D. Okla. 1975). Rather, it is the duty of the judge against whom the affidavit is filed to pass on its timeliness and legal sufficiency. United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978; Hall, 391 F. Supp. at 240.

A party may also seek the disqualification of a judge under 28 U.S.C. § 455. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . .

The decision to recuse is committed to the sound discretion of the district court. In exercising that discretion, the Tenth Circuit Court of Appeals has provided the following guidance:

> Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Moreover, there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.

United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)(internal citations omitted).

Similarly, in United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993), the circuit court reiterated:

> Thus, in addition to other factors, this and other courts have identified various matters arising in cases where §§ 144, 455(a), or 455(b)(1), which will not ordinarily satisfy the requirements for disqualification . . .: (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law, or has expressed a dedication to upholding the law or a determination to impose severe punishment with the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the [parties], or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media . . .; and (7) threats or other attempts to intimidate the judge.

(Internal citations omitted.)

Also applicable here is the holding of the United States Supreme Court in Liteky v. United States, 510 U.S. 540, 555-56 (1994):

> It is enough for present purposes to say the following: First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves, (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, these are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The plaintiff alleges that I am biased against him based on the following:

> [T]he Plaintiff realized that the Honorable Boland is originally from the 7th Judicial District (Justice Boland stated this fact on the record in a hearing by phone, and even alluded to the effect of going to visit the defendant in the conduction of municipal judicial proceedings). The display of hospitality and respect towards the defendant[]s, and unequal treatment of the Plaintiff in the form of rude body language, as well as denial of full right to be heard according to law, is evidence of is [sic] bent mind and prejudice of him. This is a blatant abuse of his position and has placed the judiciary in disrepute.
>
> <u>Notation</u>: The Honorable Boyd N. Boland uses body language that is disrespectful to the Plaintiff, cutting him off in the middle of sentences, therefore preventing him from making any notation of abuses against him in the courts (Hearing conducted via telecommunications Oct. 17th, 2008 at 9:00 a.m.). Further, his bias is projected in the allowing of defendant's acts of retaliation against the Plaintiff, that is, violating his eighth Amend. rights.
>
> It is the Plaintiff's Position that the Honorable Boland's actions are motivated by his disapproval of the Plaintiffs actions against the state, as well as a predisposition of his suspect class; but, more importantly, I believe that he has been influence[d] by officials dear to him, out of concern for the actions taken against their colleagues, and the ramifications fo these abuses against a U.S. citizen that would follow should the Plaintiffs claims prevail.

*Motion*, p. 2.[2]

The plaintiff attached two affidavits to the Motion. The first affidavit is signed by "Ma Victoria Carbajal." The second affidavit is signed by Charlotte Aragon. Both affidavits are notarized. Ms. Carbajal attests that I "snap[] at Mr. Carbajal, preventing him from speaking, and has allowed others to further abuse him." <u>Id.</u> at p. 5. Ms. Aragon attests that I "cut[] Mr. Carbajal off, but yet allow[] the defendants [to] state their side fully; this, unequal treatment is also expressed in his rulings against Mr. Carbajal and efforts to assert him claims." <u>Id.</u> at p. 6.

---

[2]The plaintiff does not paginate the Motion. Therefore, I cite to the page numbers as assigned by the Court's docketing system.

Both Ms. Carbajal and Ms. Aragon imply that I am part of a conspiracy to deny the plaintiff his legal rights. I note that neither Ms. Carbajal nor Ms. Aragon claim that they were present at the hearing on October 17, 2008, or at any other proceedings in this case.

On October 17, 2008, I held a telephonic hearing to address a motion filed by the plaintiff [Doc. #44] in which he requested that he be allowed "to obtain copies of all document[s] filed in this case." At the hearing, I attempted to determine which documents the plaintiff needed and why he needed them. The plaintiff stated that he needed a copy of the Amended Complaint, and I directed the Clerk of the Court to send him one, free of charge. Nothing in my demeanor or conduct would reasonably require my recusal.[3]

While taking appearances of counsel at the beginning of the hearing, I commented to the Delta County Attorney that I grew up in Paonia, Colorado, a town located in Delta County. The attorney noted that he is the municipal judge in Paonia. In passing, I stated that I would like to observe him conducting the municipal court. I have never met the Delta County Attorney; I have not observed him presiding over the Paonia municipal court; and I have no intention of doing so.

I have denied several of the plaintiff's motions based on the Federal Rules of Civil Procedure and applicable law, and not based on any personal bias or prejudice. I hold no bias nor enmity against the plaintiff. Prior adverse rulings, without more, are not sufficient grounds to require disqualification based on claims of bias or partiality. Liteky, 510 U.S. at 555.

---

[3] Among other things, the plaintiff complains about my "rude body language." The complaint is frivolous because all parties appeared at the hearing by telephone, and no one could observe by "body language," which, in any event, was perfectly appropriate.

The plaintiff has not presented any facts from which a reasonable person could infer or conclude that I am biased or prejudiced against him. Under these circumstances, I am required to continue to serve pursuant to the Order of Reference entered by the district judge.

The plaintiff also requests a change of venue because "this district has so compromised the fundamental rights of his person under the U.S. Constitution . . . ." *Motion*, p. 1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of establishing that the case should be transferred. Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., 467 F.2d 662 (10th Cir. 1972). The decision of whether to transfer an action lies within the sound discretion of the trial judge. Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561, 567 (10th Cir. 1978).

The plaintiff asserts that this case must be transferred from the jurisdiction of the District of Colorado because the local residents, legal professionals, judiciary, and politicians in this district are all prejudiced against him. *Motion*, p. 2. In addition, he claims that this Court and the state courts "play in the same pool"; "play golf together"; and "reside in the same Community." Id. The plaintiff's fanciful and conclusory accusations of conspiratorial animus against him are frivolous. Accordingly,

IT IS ORDERED that the Motion is DENIED.

Dated January 15, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge