IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08–cv–01131–PAB–BNB

DEAN CARBAJAL,

Plaintiff,

v.

MYRL SERRA, District Attorney for MONTROSE COUNTY,
in her individual and official capacity;
MONTROSE COUNTY, a state municipal entity;
CITY and COUNTY OF DELTA, a state municipal entity;
DELTA COUNTY PROBATION DEPARTMENT, a
municipal entity; and
STATE OF COLORADO, a state in the UNITED STATES OF
AMERICA,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's proposed Third Amended Complaint [Doc. #107, filed 01/08/09]. The proposed Third Amended Complaint is STRICKEN.

The plaintiff does not certify that copies of the proposed Third Amended Complaint were served on the other parties or their attorneys. The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer. Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

Copies of papers filed in this Court are to be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed.R.Civ.P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed.R.Civ.P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed.R.Civ.P. 5(b).

Service upon other parties may be by mail. Id. Proof that service has been made is provided by a certificate of service. Id. at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. Id.

I note that the plaintiff has previously complained that jail officials at both the Jefferson County Jail and the Denver County Jail prevented him from making service [Docs. #56, #66, #77, and #81]. Without deciding the credibility of the plaintiff's allegations regarding service, it is clear from the docket sheet and the proposed Third Amended Complaint that the plaintiff has been released from jail and that he is currently residing at 12917 East Lafayette St., Thornton, CO. *Proposed Third Amended Complaint*, p. 2, ¶ 1; Docs. #97, #102, #105, and #106. Therefore, the plaintiff cannot blame his failure to serve the defendants on jail officials.

I held a hearing in this case on October 17, 2008. During the hearing, I warned the plaintiff that he is responsible for serving all papers on the defendants. Consequently, the plaintiff was aware when filing his proposed Third Amended Complaint that he must serve it on the defendants. He has failed to do so.[1]

---

[1] The plaintiff's proposed Third Amended Complaint is strikingly similar to the complaint he filed in Civil Action No. 08-cv-02679 [Doc. #10]. I caution the plaintiff that he may not file duplicative actions in this Court.

IT IS ORDERED that the plaintiff's proposed Third Amended Complaint [Doc. #107] is STRICKEN.

Dated January 15, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge