IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08–cv–01131–PAB–BNB

DEAN CARBAJAL,

Plaintiff,

v.

MYRL SERRA, District Attorney for MONTROSE COUNTY,
in her individual and official capacity;
MONTROSE COUNTY, a state municipal entity;
CITY and COUNTY OF DELTA, a state municipal entity;
DELTA COUNTY PROBATION DEPARTMENT, a
municipal entity; and
STATE OF COLORADO, a state in the UNITED STATES OF
AMERICA,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the following motions to dismiss the Complaint filed by the

defendants:

1. **Motion to Dismiss of Defendants Delta County Probation Department and the**

**State of Colorado** [Doc. #23, filed 08/04/08];

2. **Defendant Montrose County's Motion to Dismiss** [Doc. #26, filed 08/14/08];

3. **Motion to Dismiss of Myrl Serra, District Attorney** [Doc. #30, filed 08/18/08]; and

4. **Defendant City and County of Delta Motion to Dismiss** [Doc. #68, filed 10/30/08].

Also pending are the following petitions for injunctive relief filed by the plaintiff and the

defendants' motions to dismiss the petitions for injunctive relief:

1. **Amended Petition for Federal Injunction [etc.]** [Doc. #18, filed 07/07/08];

2. **Amended Petition for Federal Injunction [etc.]** [Doc. #95, filed 12/10/08];

3. **Amended Petition for Federal Injunction [etc.]** [Doc. #98, filed 12/22/08];

4. **Motion to Dismiss Defendant Montrose County as a Defendant to Plaintiff's Amended Petition for Federal Injunction** [Doc. #27, filed 08/14/08]; and

5. **Motion to Dismiss Defendant City and County of Delta as a Defendant to Plaintiff's Amended Petition for Federal Injunction** [Doc. #69, filed 10/30/08].

I respectfully RECOMMEND that the Defendants' Motions be GRANTED insofar as they seek dismissal of this case for lack of subject matter jurisdiction; be DENIED AS MOOT in all other respects; and that the action be DISMISSED. I further RECOMMEND that the Plaintiff's Motions be DENIED AS MOOT.

## I. STANDARD OF REVIEW

Because the plaintiff is proceeding *pro se*, I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant, however, and he must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited

> evidentiary hearing to resolve disputed jurisdictional facts under
> Rule 12(b)(1). In such instances, a court's reference to evidence
> outside the pleadings does not convert the motion to a Rule 56
> motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to
> dismiss into a Rule 12(b)(6) motion or a Rule 56 summary
> judgment motion when resolution of the jurisdictional question is
> intertwined with the merits of the case. The jurisdictional question
> is intertwined with the merits of the case if subject matter
> jurisdiction is dependent on the same statute which provides the
> substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. UNDISPUTED FACTS

The plaintiff filed his Amended Complaint (the "Complaint") on July 7, 2008 [Doc. #17]. The Complaint alleges the following:

1. The plaintiff was charged with sexual assault by the Montrose County District Attorney. *Complaint*, p. 3.

2. He was coerced into entering a plea. Id. at p. 4.

3. The plaintiff "was sentenced in violation of state law and legislation [sic] intent through the application of a consecutively imposed deferred sentence." Id.

4. The plaintiff sought relief in a post-conviction pleading. Id.

5. The judge ordered the plaintiff to agree to a second deferred sentence agreement. Id.

6. The plaintiff subsequently sought relief through a habeas corpus action. Id. The habeas petition was denied. The plaintiff appealed, and the Colorado Court of Appeals "referred the case over to the state Supreme Court where the matter [] presently exists." Id. The Colorado Supreme Court has refused the plaintiff's request to subpoena the lower courts to produce the

full record.  Id.

7. The plaintiff does not expect success in the Colorado Supreme Court because the record for review is incomplete.  Id. at p. 5.

8. "The plaintiff has moved for ordered subpoenas to be issued as well as motioned for the Supreme Court review to be modified to an original jurisdiction pleading citing extraordinary circumstances of public interest and constitutional fundamentals under stipulations to invoke the common law forum of the Supreme Court; however the plaintiff expects little success in the pleadings placed in the State Supreme Court.  Wherefore Mr. Carbajal seeks refuge in the federal jurisdiction in the protection of his constitutional and fundamental rights."  Id.

The Complaint asserts three claims for relief.  Claim One alleges that the plaintiff was denied his due process rights during the prosecution of the criminal action and the subsequent execution of the sentence.  Id.  Claim Two alleges that the presiding judges, the prosecution, and the defense counsel conspired to deprive the plaintiff of his constitutional rights during the prosecution and post conviction proceedings of his criminal case.  Id. at pp. 7-8.  In Claim Three, the plaintiff asserts that "he is unable to enforce the civil rights inherent to a U.S. citizen in the present state jurisdiction and moves for the removal of the case from the jurisdiction of the state to federal jurisdiction, then subsequent to the jurisdictional modification the plaintiff moves for a relief of equity in the form of an injunction."  Id. at p. 9.

In the Complaint's Request for Relief, the plaintiff requests that this Court "remove from the state the criminal case 99CR96 to federal jurisdiction relinquishing the state of its' [sic] power and authority presently existing upon his person by said case" and "upon removal, a relief of equity and the application of a federal injunction against state prosecution and execution of sentence be implemented."  Id. at p. 11.  The plaintiff's motions for a federal injunction seek the

4

same relief.

### III. ANALYSIS

The defendants assert that the plaintiff's claims are barred under the rule of Younger v. Harris, 401 U.S. 37 (1971).  The Younger abstention doctrine operates as a bar to subject-matter jurisdiction.  Guttman v. Khalsa, 401 F.3d 1170, 1173 n.2 (10th Cir. 2005); Weitzel v. Div. of Occupational and Professional Licensing, 240 F.3d 871, 875 (10th Cir. 2001).

The Tenth Circuit Court of Appeals has explained Younger abstention as follows:

> Under the Younger abstention doctrine, federal courts should not interfere with state court proceedings by granting equitable relief-- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-- when a state forum provides an adequate avenue for relief. Younger abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances.  As [the] court stated in Amanatullah [v. State Bd. Of Medical Examiners, 187 F.3d 1160 (10th Cir. 1999)]:
>
> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Weitzel, 240 F.3d at 875 (internal citations omitted).

The policy underlying Younger abstention is comity--"[t]hat is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."  Younger, 401 U.S. at 44.  "Central to Younger was the recognition that ours is a system in which 'the National Government, anxious though it may be to vindicate and protect federal

5

rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.'" Huffman v. Pursue, Ltd., 420 U.S. 592, 601 (1975) (quoting Younger, 401 U.S. at 44).

The Supreme Court has stated that "the relevant considerations of federalism" counsel "heavily toward federal restraint" when relief from an ongoing state judicial proceeding is sought:

> [I]nterference with a state judicial proceeding prevents the state not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any constitutional objections interposed against those policies. Such interference also results in duplicative legal proceedings, and can readily be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles.

Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975).

Here, the plaintiff claims violations of the Constitution and federal law based on events that arose out of the state action. It is undisputed that the state case is proceeding on appeal. Although the plaintiff asserts that he "expects little success" in the state supreme court, he does not allege that he is unable to assert his claims in the state courts or that he lacks an adequate remedy in the state courts. To the contrary, the United States Supreme Court has long recognized that state courts are fully competent to adjudicate federal constitutional claims. Hawaii Housing Auth. v. Midkiff, 463 U.S. 1323, 1325 (1983). Therefore, there is an ongoing state proceeding which provides an adequate forum for the plaintiff to assert his claims.

In addition, state appellate review of its lower courts' decisions is an important state interest and is a matter which traditionally looks to state law for resolution. Importantly, allegations of official misconduct by a state's judges and the attorneys licensed by a state are

matters of state interest of the first magnitude. Thus, the three requirements of <u>Younger</u> abstention have been met, and this Court must abstain from jurisdiction over the plaintiff's claims for injunctive relief.

## IV. CONCLUSION

I respectfully RECOMMEND that the Defendants' Motions be GRANTED insofar as they seek dismissal of this case for lack of subject matter jurisdiction and DENIED AS MOOT in all other respects.

I further RECOMMEND that the Plaintiff's Motions be DENIED AS MOOT.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 15, 2009.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge