IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08–cv–01131–PAB–BNB

DEAN CARBAJAL,

Plaintiff,

v.

MYRL SERRA, District Attorney for MONTROSE COUNTY,
in her individual and official capacity;
MONTROSE COUNTY, a state municipal entity;
CITY and COUNTY OF DELTA, a state municipal entity;
DELTA COUNTY PROBATION DEPARTMENT, a
municipal entity; and
STATE OF COLORADO, a state in the UNITED STATES OF
AMERICA,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On November 3, 2008, the plaintiff filed a document captioned "Amended Complaint" [Doc. # 76] (the "Seconded Amended Complaint"). In fact, it is his second amended complaint. See Complaint [Doc. # 1, filed 5/29/2008] and Ameended [sic]Complaint [Doc. # 17, filed 7/7/2008]. The plaintiff did not file a motion for leave to amend under Fed. R. Civ. P. 15(a)(2). I respectfully RECOMMEND that the plaintiff's implied request to amend be DENIED and that the proposed Second Amended Complaint be REFUSED.

As a preliminary matter, I note that the plaintiff has not served the defendants with the proposed Second Amended Complaint. I also note that at the time he filed the proposed Second Amended Complaint, the plaintiff claimed that he was incarcerated in the Denver County Jail and that jail officials were preventing him from making service [Docs. #66, #77, and #81]. In

view of the plaintiff's allegations regarding service, I will address the propriety of allowing the plaintiff to file his proposed Second Amended Complaint.

Because the plaintiff is proceeding *pro se*, I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as an advocate for a *pro se* litigant, however, and he must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 15, Fed.R.Civ.P., provides that a complaint may be amended once as a matter of course if a responsive pleading has not been served. Fed.R.Civ.P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at Rule 15(a)(2).

The plaintiff filed his initial Complaint on May 29, 2008 [Doc. #1]. On July 7, 2008, the plaintiff filed an Amended Complaint [Doc. #17]. Therefore, under Rule 15, the plaintiff has already amended his pleading as a matter of course. The plaintiff does not assert that he has obtained the defendants' consent. Therefore, he may amend only with leave of Court.

The Federal Rules of Civil Procedure provide that leave to amend shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant an unlimited right to amend. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

Separately, I have recommended that the Court decline to exercise jurisdiction over the Amended Complaint pursuant to Younger v. Harris, 401 U.S. 37 (1971). The plaintiff's proposed Second Amended Complaint suffers from the same deficiencies as his Amended Complaint. Thus, it would be futile to allow the plaintiff to file the proposed Second Amended Complaint. Accordingly,

I respectfully RECOMMEND that leave to amend be DENIED and that the proposed Second Amended Complaint be REFUSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 15, 2009.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge